IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| J.M., : | |
|     Petitioner : | |
|   v. | : Case No. 3:24-cv-255-KAP |
| LEONARD ODDO, WARDEN, : | |
| MOSHANNON VALLEY PROCESSING : | |
| CENTER, *et al.*, : | |
|     Respondents : | |

<u>Memorandum Order</u>

    Petitioner was detained by the Department of Homeland Security, Bureau of Immigration Control and Enforcement, at the Moshannon Valley Processing Center in this district when he submitted a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C.§ 2241. *See* ECF no. 1 (Petition), ECF no. 2 (Exhibits), ECF no. 3 (Petitioner's Brief). Petitioner has since been transferred, *see* ECF no. 19, but that does not impair this court's jurisdiction, which attaches at the time of filing.

    Petitioner filed a motion for immediate release on March 3, 2025 at ECF no. 21, alleging that petitioner's medical condition is dire and has not been adequately treated in confinement. I held a status conference on Wednesday March 5, 2025 to see what the state of the record was and to schedule a hearing if necessary. The takeaways from that conference were: (1) immediate release without a hearing was denied without prejudice; (2) a hearing is needed (the chief issues are the state of petitioner's medical care and the propriety of release as a remedy) and is scheduled for this Wednesday March 12, 2025; and (3) counsel for the respondents are litigating from half a continent away and reasonably moved for more time to respond to the motion, but with the scheduling as it seems necessary counsel for the respondents only have until the hearing date to respond to the motion.

    On Friday March 7, 2025 counsel for petitioner filed what is considered a motion seeking production of petitioner's medical records in advance of the hearing. ECF no. 27. Because of the urgency of the request in that motion and because it is intertwined with point (3), I address the matter in writing.

    It was understood by all at the status conference that despite being in custody petitioner will be a necessary witness at the hearing Wednesday, and that only respondents can arrange his presence. Implicit in holding a hearing at which petitioner will be a witness is the need for petitioner to be able to speak with counsel in advance of that hearing. Counsel should have a chance to review the petitioner's medical records in

1

advance of the hearing, and ideally early enough so that they can discuss them with the petitioner in advance of the hearing.

For the hearing to be meaningful it seems to me that the respondents would also want to have a witness able to speak to petitioner's medical condition. If that is the case although respondents need not make their witness or witnesses available, respondents' counsel should identify them to petitioner's counsel.

The reality that both petitioner's and respondents' counsel are litigating across three time zones and some delay is unavoidable; it is also the case that records do not compile and transmit themselves. So the first thing counsel should do is talk to each other this afternoon about what can be produced and when. For instance, it seems to me that any record, diagnosis, or recommendation generated as a result of the March 3, 2025 ophthalmology appointment would be necessary to my decisionmaking, but from my experience it is quite possible that not all aspects of that medical appointment resulted in a written record available to be shared (at least by the time of the motion on Friday). Production should be made as soon as petitioner's counsel have received and reviewed any records related to that appointment, but certainly no later than Wednesday morning. Petitioner should have a chance to speak with counsel before the hearing, and if that cannot be accommodated earlier and requires a short delay before the rest of us join the virtual hearing room, that is to be expected.

If after discussion (and both of counsel are commended for their reasonableness to date) there is a gap between what the petitioner needs and what respondents can and are willing to produce by Wednesday morning, they should call me, or use Zoom, Teams, or whatever means are necessary for us to have a conversation about resolving that dispute. I am now available tomorrow morning except for roughly 10-11 a.m., but if counsel cannot be available then I will be available this evening after hours.

DATE: March 10, 2025

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record